UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

06 CV 0456

JUDGE BATTS

| | |
|---|---|
| WICKED FASHIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LES VÊTEMENTS SP APPAREL INC. and SP APPAREL INC., <br><br> Defendants. | **Civil Action No.:** <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** <br><br> RECEIVED JAN 20 2006 <br> U.S.D.C. S.D. N.Y. CASHIERS |

Wicked Fashions, Inc. ("Plaintiff") through its attorneys, brings this action against Les Vêtements SP Apparel Inc. and SP Apparel Inc. (collectively "Defendants"):

## JURISDICTION AND VENUE

1. Pursuant to 15 U.S.C. §1121(a), this Court has original subject matter jurisdiction over this action as it arises under Title 15 of United States Code, Chapter 22 (the "Lanham Act"), and involves Defendants' infringement of a federally-protected trademark owned by Plaintiff. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over all other claims not asserted under the Lanham Act, as these claims relate to claims within the Court's original jurisdiction.

2. This Court has personal jurisdiction over Defendants by virtue of their transacting, doing, and soliciting business in this district and pursuant to N.Y. Civ. Prac. L. & R. §301 and/or 302, and because Defendants continue to transact and solicit sales of items that infringe Plaintiff's trademark in this district.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred in this district.

## THE PARTIES

4. Plaintiff is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 222 Bridge Plaza South, Fort Lee, New Jersey 07024.

5. Upon information and belief, defendant Les Vêtements SP Apparel Inc. is a corporation organized and existing under the laws of Canada with an address of 1237 Boulevard Industriel, Granby, Quebec J2J 2B8, CANADA, and doing business in the State of New York including this district.

6. Upon information and belief, defendant SP Apparel Inc. is a corporation organized and existing under the laws of Canada with an address of 1237 Boulevard Industriel, Granby, Quebec J2J 2B8, CANADA, and doing business in the State of New York including this district.

## BACKGROUND

7. Since at least as early as 1994, Plaintiff has sold a line of clothing goods bearing the trademark SOUTH POLE (the "SOUTH POLE Trademark") throughout the United States, including jeans, trousers, shorts, coats, jackets, vests and shirts.

8. Since at least as early as 1995, Plaintiff has also sold clothing goods bearing the trademark SP (the "SP Trademark") throughout the United States. Examples of Plaintiff's SP Trademark as used on clothing goods are attached as Exhibits A (on shirts), B (on hats), C (on pants) and D (on jerseys).

9. The letters SP stand for the first two letters in Plaintiff's SOUTH POLE Trademark.

10. The clothing goods sold by Plaintiff ("Goods") are strongly associated with and identified by Plaintiff's SP Trademark, which Plaintiff has continuously owned and used in commerce since at least as early as 1995.

11. During the relevant period, the reputation of Plaintiff's SP and SOUTH POLE Trademarks has grown continuously. These trademarks are well known throughout the United States as a source of origin for Plaintiff's Goods.

12. Over the years, Plaintiff has spent a considerable amount of money and exercised significant effort in advertising goods bearing the SP and SOUTH POLE Trademarks, and establishing the SP and SOUTH POLE Trademarks in the minds of consumers as identifying Plaintiff's high quality goods.

13. Plaintiff's SP Trademark has been affixed to and used in commerce in connection with a wide variety of promotional and sales items, such as posters, signs, magazine advertisements, and other advertising and promotional materials.

14. Upon information and belief, Defendants are marketing, selling, or otherwise distributing clothing goods bearing Plaintiff's SP Trademark in this district and elsewhere throughout the United States.

15. Plaintiff, through its counsel, informed Defendants that their acts constituted infringement of Plaintiff's SP Trademark, and demanded that they cease using it.

16. Defendants, through their counsel, refused to cease and desist, and instead, are continuing to use Plaintiff's SP Trademark.

17. On information and belief, beginning at some time in the past and continuing until the present, Defendants, with actual or constructive knowledge of

Plaintiff's trademarks, have manufactured or arranged for the manufacture for sale in the United States including this district, promoted, and sold clothing goods that infringe Plaintiff's SP Trademark.

18. On information and belief, Defendants manufacture, source, market, and/or sell clothing goods that display the SP designation thereon. Images of Defendants' clothing goods bearing the SP designation are attached hereto as Exhibit E. The commercial impression and visual appearance of the SP designation, as used by Defendants on clothing goods, are confusingly similar to the impression and appearance created by Plaintiff's SP Trademark, and is likely to cause confusion in the marketplace.

19. On information and belief, Defendants have manufactured, marketed and sold many thousands of infringing clothing goods and obtained and continue to obtain substantial profits thereby.

20. On information and belief, each of the Defendants have knowingly participated with one another to manufacture, promote and/or sell these infringing clothing goods and are, accordingly, jointly and severally liable for all damages due to their conduct.

21. Upon information and belief, Defendants have not ceased and desisted in their unauthorized use of Plaintiff's SP Trademark, and are continuing to use Plaintiff's SP Trademark.

**FIRST CAUSE OF ACTION**
**(False Designation of Origin Under 15 U.S.C. §1125(a))**

22. Plaintiff realleges and incorporates the allegations in Paragraphs 1 through 21 as if fully set forth herein.

23.     Defendants' unauthorized use of Plaintiff's SP Trademark in connection with Defendants' clothing goods is likely to cause consumers to mistakenly believe that Defendants have an affiliation with Plaintiff, or that Defendants' goods are sponsored or approved by Plaintiff, or that the Defendants are otherwise associated with or have obtained permission from Plaintiff to use Plaintiff's SP Trademark.

24.     Plaintiff has given Defendants actual notice in writing of Plaintiff's rights in and to the trademark asserted in this Complaint, and that Defendants' acts were infringing of Plaintiff's rights.  Defendants willingly continued their infringing activity.

25.     Defendants' acts have caused irreparable injury to Plaintiff's goodwill and reputation in an amount that cannot be ascertained at this time and, unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

26.     By reason of the foregoing, Plaintiff is entitled to injunctive relief against Defendants, and, after trial, to recover any damages proven to have been caused by Defendants' acts of false designation of origin.

## SECOND CAUSE OF ACTION
**(Trademark Infringement and Unfair Competition Under New York State Law)**

27.     Plaintiff realleges and incorporates the allegations in Paragraphs 1 through 26 as if fully set forth herein.

28.     The acts of Defendants as described above constitute trademark infringement and unfair competition in violation of Plaintiff's rights under the common law of the State of New York and N.Y. Gen. Bus. Law §368-e.

## THIRD CAUSE OF ACTION

### (Deceptive Acts and Practices Under New York State Law)

29. Plaintiff realleges and incorporates the allegations in Paragraphs 1 through 28 as if fully set forth herein.

30. The acts of Defendant as described above constitute deceptive acts and practices in violation of N.Y. Gen. Bus. Law §§349-350.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter judgment in its favor as follows:

A    Declare that Defendants' unauthorized conduct violates Plaintiff's rights under the Lanham Act, the common law of New York State, and the New York General Business Law;

B    Immediately and permanently enjoin Defendants, their officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from:

(1)    Importing, selling or otherwise distributing clothing goods bearing Plaintiff's SP Trademark or designations confusingly similar thereto;

(2)    Doing any other acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead consumers into the belief that products sold, offered for sale, or distributed by the Defendants are authorized, sponsored, licensed, endorsed, promoted or condoned by Plaintiff, or are otherwise affiliated with or connected to Plaintiff; and

(3)    Representing by any means whatsoever, directly or indirectly, that any products or services offered or provided by the Defendants are offered or provided by

the Plaintiff, or from otherwise taking any action likely to cause confusion, mistake or deception on the part of consumers as to the origin or sponsorship of such goods and services.

C   Order that Defendants recall and destroy all clothing goods within Defendants' control bearing Plaintiff's SP Trademark or designations confusingly similar thereto.

D   Order that Defendants, pursuant to 15 U.S.C. §1116, serve on Plaintiff within thirty (30) days after service on Defendants of the requested mandatory, permanent, or preliminary injunction orders, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction(s), and that such recall delivery and destruction occurred.

E   Award to Plaintiff Defendants' profits and any damages suffered by Plaintiff arising from Defendants' acts of federal, state and common law unfair competition, false designations of origin, false descriptions and representation, and injury to the business reputation of Plaintiff, and punitive damages in connection with Plaintiff's state law claims.

F   Award to Plaintiff treble damages for Defendants' willful infringement.

G   Award Plaintiff its costs, including reasonable attorneys' fees and disbursements in this action, pursuant to 15 U.S.C. §1117.

      H      Award Plaintiff such other and further relief as the Court deems just equitable and proper.

Dated:   January 20, 2006

                                         **FISH & RICHARDSON P.C.**

                                         By: _/s/ Irene E. Hudson_
                                             John T. Johnson (JJ-7785)
                                             Irene E. Hudson (IH-1446)
                                             Citigroup Center - 52nd Floor
                                             153 East 53rd Street
                                             New York, New York 1002-4611
                                             Tel:  (212) 765-5070
                                             Fax:  (212) 258-2291

                                             Attorneys for Plaintiff
                                             WICKED FASHIONS, INC.

30264349.doc